## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8548 | **DATE** | 4/4/2003 |
| **CASE TITLE** | Adolph Norris v. Burlington N. Santa Fe | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Amended Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Defendant's motion to strike plaintiff's response to defendant's statement of material facts [24-1] is DENIED. Defendant's amended motion for summary judgment [17-1] is also DENIED.

(11) ■ [For further detail see attached memorandum opinion and order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | APR 07 2003 date docketed | 36 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 0 7 2003

| | |
|---|---|
| ADOLPH NORRIS, | ) |
| | ) |
| | ) No. 01 C 8548 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| BURLINGTON NORTHERN SANTA FE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Adolph Norris ("Norris") brings this one-count complaint against Defendant Burlington Northern Santa Fe ("BNSF") under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, alleging that BNSF negligently failed to provide Norris with safe tools and equipment while he worked as a Machinist for Burlington.[1] Before this Court is BNSF's motion for summary judgment. Concurrently before this Court is BNSF's motion to strike plaintiff's response to defendant's statement of material facts. For the following reasons, this Court DENIES BNSF's motion to strike and DENIES its motion for summary judgment.

---

[1] While Norris generally alleges the Federal Safety Appliance Act, 49 U.S.C. 20301, *et seq.* in his Complaint, he does not identify in any pleadings or memoranda which section of that act applies to the facts in this case. Even under the liberal federal notice pleading rules, the plaintiff must include a short and plain statement of the claim showing that he is entitled to relief. This Court thus finds as a matter of law that Norris has not stated a claim under the Federal Safety Appliance Act.

1

## Motion to Strike

As a preliminary matter, this Court addresses BNSF's motion to strike Plaintiff's Response to Defendant's Statement of Material Facts. BNSF argues that this Court should strike Norris's Response because it is in improper form, unresponsive, and evasive. After reviewing Norris's Response, however, this Court disagrees. First, it is important to note that BNSF's Statement of Facts consists of ten numbered paragraphs. Norris admitted the first six paragraphs and denied the last four. In support of his denials, Norris cited to his Additional Statement of Material Facts, which in turn cites to the record. Thus, while Norris did not cite directly to the record in his Response, this Court finds that, because the paragraphs in his Additional Statement to which he cites are supported by the record, his Response should not be stricken on that ground.

Further, while it is BNSF's opinion that Norris's denials are unresponsive or evasive, this Court finds that his denials are on point. For example, paragraph 7 of Defendant's Statement of Facts states "The work activity which led to plaintiff's injury did not occur at the Cicero yard." Norris denies this statement and cites in part to the affidavit of his attending physician, Dr. Basel Al-Aswad, which states that "the pathology in his right is related to trauma that has accumulated from his work over the last 21 years." BNSF argues that Norris should have admitted this statement because he stated in his deposition that the injury did not occur at Cicero. Norris's deposition reveals, however, that Norris stated that the work to which he was referring--"change brake shoes outside"--when he filled out an "Employee Personal Injury Occupation Illness Report" occurred at the 14th Street yard. Thus, in viewing the record in a light most favorable to Norris, this Court does not find his denials unresponsive; BNSF's motion to strike Norris's Response is denied. The Court stresses, however, that it will disregard statements of fact by

either party that are not supported by the record or that are mere legal conclusions. See Johnson v. Indopco, Inc., 887 F. Supp. 1092, 1095 (N.D. Ill. 1995); see also Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994) ("[D]istrict courts are not obliged in our adversary system to scour the record looking for factual disputes . . . .").

## Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Kamler v. H/N Telecom. Servs., Inc., 305 F.3d 672, 677 (7th Cir. 2002). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fritcher v. Health Care Servs. Corp., 301 F.3d 811, 815 (7th Cir. 2002).

The movant bears the burden of establishing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Celotex, 477 U.S. at 324. A scintilla of evidence in support of the non-movant's position is insufficient, and the non-movant "must do more than simply show that there is some metaphysical doubt as to the material fact." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 250. Weighing evidence, determining credibility, and drawing

3

reasonable inferences are jury functions, not those of a judge deciding a motion for summary judgment. Anderson, 477 U.S. at 255.

## Background

The following facts are taken from the parties Local Rule 56.1 materials. Norris began working at Burlington in 1977 as a laborer. For two years, Norris worked as a machine apprentice at the Cicero yard. For eighteen and one half years, Norris worked at the 14th Street yard, which was located at 432 W. 14th Street in Chicago, Illinois. Norris was a relief supervisor in the Mechanical Department for nine and one half years, and he later became a permanent supervisor for two years in that department.

Early in 1997, Norris was suspended from employment for that year. He returned to work at the Cicero yard in early 1998. Until his return in 1998, Norris had not worked in the Cicero yard for almost eighteen years.

On January 26, 1999, Norris submitted an "Employee Personal Injury Occupation Illness Report" in which he reported "swelling and pain in the right knee." In that report, Norris attributed that injury to "working on right knee" because his job required him to kneel on a concrete platform to change brake shoes outside, which occurred at the 14th Street yard. While performing this work, Norris did not complain to his supervisors at the 14th Street yard about having to kneel, squat, or otherwise overuse his knees on the job. Norris, however, complained to his supervisors on occasion that the brake arm and/or brake head were not working properly and that they needed to be replaced before changing the brake shoes. According to Clarence Clanton ("Clanton"), who was one of Norris's supervisors at the 14th Street yard, the brake arm

and head were not defective. Clanton asserts that BNSF complied with the Rules of the Federal Railroad Administration in determining when a part needed replacing.

Norris contends that, during the course of his 21 years of employment at BNSF, he worked in conditions at Cicero and the 14th Street yard that involved squatting or repetitive bending of the knees. He asserts that this work was done outside on the ground, under extreme conditions, and without proper kneepads. Clanton contends that knee pads were available to every employee at the 14th Street yard to assist them in performing their job functions.

According to the "Employee Personal Injury Occupation Illness Report" Norris submitted on January 26, 1999, he first experienced symptoms of his knee injury on November 15, 1998. On December 4, 1998, he received his diagnosis from Dr. Al-Aswad that "the pathology in his right is related to trauma that has accumulated from his work over the last 21 years." Norris states that he has never participated in any organized sports activities nor does he have a history of injuries or falls.

## Discussion

Norris's Complaint seeks damages from BNSF under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"). Namely, Norris argues that BNSF's failure to provide Norris with proper equipment and a reasonably safe place to work over the course of his 21 years of employment resulted in his knee injury. BNSF moves for summary judgment on this claim arguing that: (1) it is barred by the three-year statute of limitations set forth in 45 U.S.C. § 56; (2) Norris alleges negligence against BNSF while Norris was working at the Cicero facility even though his injury did not occur there; and (3) BNSF was not on notice that its working conditions and equipment were contributing to Norris's injury so it is not negligent.

5

Statute of Limitations

This Court first must determine whether Norris's action is time-barred. Section 56 provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued." Norris filed suit on November 7, 2001. Applying the three-year statute of limitations, the Court cannot entertain Norris's claim if it accrued before November 7, 1998.

Norris argues that his injury was caused by continuous exposure to harmful conditions over a period of time. In cases such as this one, when the specific date of the injury cannot be determined, a plaintiff's cause of action accrues when a reasonable person knows, or in the exercise of due diligence, should have known both the injury and its governing cause. Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1094 (7th Cir. 1990). Both components require "an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause." Id.

Norris first experienced symptoms of his knee injury on November 15, 1998. On December 4, 1998, his doctor informed him that his injury had a work-related cause. Norris filed suit on November 7, 2001, which is within the three-year statute of limitations using either date. BNSF, however, argues that, because Norris complained in early 1997 about defective or inoperable equipment that his supervisors failed to replace, he was on notice of the defective equipment that allegedly caused the trauma to his knee. Thus, BNSF argues, Norris should have filed his suit in early 2000 to be within the statute of limitations. This Court disagrees. Knowledge of an injury is as key as knowledge of the cause of the injury, see United States v.

Kubrick, 444 U.S. 111, 122-23 (1979), and in early 1997, Norris was not aware that he was injured. Thus, this Court holds that Norris's FELA claim is not time-barred.

The Federal Employer's Liability Act

The Court now will address the merits of Norris's FELA claim. FELA allows an employee of a railroad company to recover damages for injuries received on the job that resulted from the negligence of the railroad company. 42 U.S.C. § 51. To show negligence under FELA, a plaintiff must prove the common law elements of negligence--duty, breach, foreseeability, and causation. Fulk v. Ill. Cent. R.R. Co., 22 F.3d 120, 124 (7th Cir. 1994). FELA holds railroad companies to the "prudent person" standard, or what a "reasonable person would foresee as creating a potential for harm. Williams v. Nat'l R.R. Passenger Corp., 161 F.3d 1059, 1062 (7th Cir. 1998). The traditional negligence standard, however, is relaxed in FELA cases. A plaintiff need only produce evidence that the "employer's negligence played any part, even the slightest, in producing the injury." Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 543 (1994) (quoting Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506 (1957)). FELA is generally a pro-plaintiff statute, and the plaintiff's right to a jury determination is part and parcel of the liberal remedy afforded the working person under the FELA." Harbin v. Burlington R.R. Co., 921 F.2d 129, 132 (7th Cir. 1990).

BNSF advances two independent arguments why summary judgment should be granted in its favor. First, BNSF argues that, according to Norris's own testimony, the working conditions which caused his injury occurred at the 14th Street yard and not the Cicero location as alleged in the Complaint. Second, BNSF argues that, even if Norris alleged the proper location in his Complaint, he still fails to show that BNSF was negligent; neither he, nor any colleagues that he

7

knows of, complained of the working conditions and/or wear and tear on the knees. The Court addresses each argument in turn.

14th Street Yard v. Cicero Yard

BNSF argues that Norris only referenced the Cicero location in his Complaint. As a result, BNSF claims it prepared its defense based on the allegations in the Complaint only. Under the Federal Rules of Civil Procedure, however, a plaintiff need only give the defendant fair notice of the claim. Conley v. Gibson, 355 U.S. 41, 47 (1957). Further, unlike fact pleading, notice pleading does not require the plaintiff to detail the facts of its case or evidence. Id. In his Complaint, Norris identifies BNSF as his employer, and he expressly alleges "On or about August 1, 1977 and subsequent thereto, the Plaintiff was acting in the course and scope of his employment as a Machinist. . . ." Compl. ¶ 8. In that paragraph, Norris alleges his work duties, the equipment, his injury, and the surgeries. Applying this notice pleading standard, this Court therefore finds that Norris's Complaint gives BNSF fair notice of its FELA claim over the course of Norris's employment and not just over his tenure at the Cicero location.

Negligence

Finally, BNSF argues that summary judgment should be granted in its favor because it had no notice from Norris or any other person that the work activities were leading to the cumulative trauma of Norris's right knee. Without notice, BNSF argues that it was not negligent and cannot be held liable.

As stated above, Norris need only show that BNSF's negligence "played any part, even the slightest" in producing Norris's injury. Rogers, 352 U.S. at 506. However, while the plaintiff's burden is significantly lighter than in an ordinary negligence case, evidence of the

8

defendant's negligence must be presented in order to survive a motion for summary judgment. Lisek v. Norfolk and Western Ry. Co., 30 F.3d 823, 832 (7th Cir. 1994). Thus, to determine whether BNSF was negligent, the question is whether BNSF exercised reasonable care in creating a reasonably safe working environment, not whether that working environment could have been safer. Darrough v. CSX Transp., Inc., 321 F.3d 674, 676 (7th Cir. 2003); Walker v. Northeast Reg'l Commuter R.R. Corp, 225 F.3d 895, 899 (7th Cir. 2000).

Norris claims that BNSF was negligent in failing to provide him with safe tools and safe working conditions. Namely, Norris complained to his supervisors on occasion about a brake arm and/or brake head that was working improperly, and those parts were not replaced. Norris claims that his working conditions were unsafe because he had to work on the ground outside, under extreme winter conditions and without proper kneepads. As to the brake arm and brake head, the record shows that the brake arm and head were not defective and that BNSF complied with the Rules of the Federal Railroad Administration in determining when a part needed replacing. More importantly, however, while Norris asserts that he had to "struggle" to get the brake shoe on, he fails to show how the condition of the brake arm and brake head was unsafe, nor how they contributed to his injury. There is no evidence that anybody else complained about these parts or that the job became unsafe as a result. Because BNSF replaced parts according to the Rules of the Federal Railroad Administration, this Court finds that it exercised reasonable care in providing a reasonably safe working environment with regard to the equipment Norris identified.

Norris also claims that his working conditions were unsafe. He asserts that working outside in sub-zero temperatures stresses the body more than working in warm weather. Further,

9

he claims that BNSF did not provide him with proper kneepads. As to the weather, not only does Norris fail to show how the cold weather contributed in any way to his knee injury, but he also fails to show that BNSF neglected to provide its employees who worked outside with suitable protective gear.

The kneepads, however, are an issue. The record is devoid of any evidence as to the adequacy of the kneepads BNSF provided. The adequacy of the kneepads is particularly relevant because Norris's treating physician attributed his injury to "the trauma that has accumulated from his work over the last 21 years." Further, if BNSF failed to provide adequate kneepads to employees who spent a significant amount of time on their knees, these are "circumstances which a reasonable person would foresee as creating the potential for harm," see McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 300 (7th Cir. 1996). The only evidence before the Court is Norris's deposition testimony that the kneepads were inadequate, and have been changed three times in 25 years, and a BNSF supervisor's affidavit that the kneepads "were the most suitable for the purpose available on the market at that time." Neither statement of opinion adequately states the basis for the conclusion reached. Which person's testimony is more credible is a factual issue reserved for the jury, not this Court. BNSF's motion for summary judgment is therefore denied.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED.

Enter:

**David H. Coar**
**United States District Judge**

Dated: **April 4, 2003**